# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

SIDNEY FRANK PHILLIPS, J.R.

NO. 2022 KW 1093

**October 11, 2022**

---

In Re: Sidney Frank Phillips, Jr., applying for supervisory writs, 32nd Judicial District Court, Parish of Terrebonne, No. 828924.

---

**BEFORE: McDONALD, McCLENDON, AND HOLDRIDGE, JJ.**

**WRIT DENIED.**

JMM
PMc

**Holdridge, J.,** dissents and would grant the writ application. Only experts are allowed to give opinion testimony in areas of specialized knowledge. **State v. Morgan,** 2012-2060 (La. App. 1st Cir. 6/7/13), 119 So.3d 817, 827. Under La. Code Evid. art. 702, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." In the instant case, I find that the investigating officer should be prohibited from testifying regarding historical cell site data as a lay witness until he lays a proper foundation establishing 1) he has "knowledge of how a cellphone network operates;" 2) he has "experience in going through volumes of call detail records;" and 3) he has "practical experience in geolocating a cell phone that is 'attached' to a human being." Without this proper foundation, in cases where cell tower mapping is used to establish the location of an accused, an expert in historical cell site analysis is required to interpret and explain the information given by the maps to the jury. See **State v. Saltzman,** 2013-276 (La. App. 3d Cir. 10/23/13), 128 So.3d 1060, writ denied, 2014-11 (La. 6/13/14), 140 So.3d 1187, cert denied, **Davis v. Louisiana,** --- U.S. ----, 135 S.Ct. 678, 190 L.Ed.2d 393 (2014). See also **United States v. Natal,** 849 F.3d 530, 536 (2d Cir. 2017) ("testimony on how cell phone towers operate must be offered by an expert witness.).

COURT OF APPEAL, FIRST CIRCUIT

_α.Sͷ_

---
DEPUTY CLERK OF COURT
FOR THE COURT